John Quealy Irrevocable Life Ins. Trust v AXA Equit. Life Ins. Co. (2022 NY Slip Op 04139)

John Quealy Irrevocable Life Ins. Trust v AXA Equit. Life Ins. Co.

2022 NY Slip Op 04139

Decided on June 28, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 28, 2022

Before: Manzanet-Daniels, J.P., Oing, González, Scarpulla, Higgitt, JJ. 

Index No. 654340/18 Appeal No. 16224 Case No. 2021-00565 

[*1]John Quealy Irrevocable Life Insurance Trust, Israel Grossman Successor Trustee, Plaintiff-Appellant,
v
AXA Equitable Life Insurance Company, Defendant-Respondent.

Boris Kogan & Associates, P.C., New York (Boris Kogan of counsel), for appellant.

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered on or about February 3, 2021, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.
Plaintiff trustee Israel Grossman's daughter, Esther Berkowitz (Berkowitz), was the trustee of the life-insurance-holding trust. The policy was issued by defendant on the life of John Quealy, a stranger to Berkowitz and her father. After the death of the insured, the trust submitted a claim on the policy to defendant, which defendant denied. Berkowitz commenced the prior action seeking payment of the death benefit, which she eventually discontinued with prejudice pursuant to a stipulation she executed as trustee.
Grossman subsequently commenced the present action, as the purported successor trustee, seeking vacatur of the stipulation of discontinuance. He alleged that Berkowitz did not have authority to effectuate the stipulation of discontinuance because she had resigned as trustee prior to its execution. In dismissing this action, Supreme Court found that Grossman had manufactured evidence that was submitted in connection with the prior action, and, therefore, upheld the validity of the stipulation of discontinuance.
We agree with Supreme Court's conclusion that dismissal of the complaint is called for based on Grossman's misconduct. In CDR Creances S.A.S. v Cohen (23 NY3d 307 [2014]), the Court of Appeals recognized "that where a court finds, by clear and convincing evidence, conduct that constitutes fraud on the court, the court may impose sanctions including, striking pleadings and entering default judgment against the offending parties to ensure the continuing integrity of our judicial system" (23 NY3d at 311). "Fraud on the court involves willful conduct that is deceitful and obstructionist, which injects misrepresentations and false information into the judicial process 'so serious that it undermines the integrity of the proceeding'" (id. at 318, quoting Baba-Ali v State of New York, 19 NY3d 627, 634 [2012]).
Here, Grossman fabricated evidence on material issues to further a scheme designed to conceal critical matters from the court and the defendant in the prior action. He concealed his role in procuring the life insurance policy and attempted to recover the death benefit thereunder by employing a straw person  his daughter. No lesser sanction than dismissal of this action, therefore, would have sufficed to correct Grossman's misconduct.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 28, 2022